THE STATE, EDWIN MARKLEY, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF CAPE MAY POINT.

The power of removal from office on the ground of forfeiture cannot lawfully be exercised, unless there be, when practicable, due notice to the officer of the charge against him and of the time when he may answer it, a reasonable opportunity to defend himself, and sufficient proof of a legal cause of forfeiture.

On *certiorari.*

Argued at June Term, 1892, before Justices DIXON and WERTS.

For the prosecutor, *Samuel W. Beldon.*

For the defendant, *Herbert W. Edmunds,*

The opinion of the court was delivered by

DIXON, J. The borough of Cape May Point having been organized under the provisions of "An act for the formation and government of boroughs," approved April 2d, 1891 (*Pamph L., p.* 280), the prosecutor was duly elected collector and treasurer of the borough on August 21st, 1891. His official oath being filed on August 25th, 1891, he forthwith entered upon the duties of his office, and continued to perform them until March, 1892, with the full concurrence of the borough council.

The act above mentioned provides (section 12) that such officers as the common council may require shall, before they enter upon the duties of their office, give bonds to the borough, &c. With respect to the prosecutor, it does not appear that the council required him to give an official bond before he entered upon his duties, but in September, 1891, he tendered to the council such a bond, which was not satisfactory, and on November 7th, 1891, he presented another bond, which, according to the minutes of the council and the testimony of some of the councilmen, was approved and accepted, but according to the testimony of others was not accepted.

In March, 1892, the membership of the council having partly changed, some question arose in the council as to the collector's bond, and on March 22d, 1892, the borough clerk, by order of the mayor, left at the prosecutor's residence a written notice, requesting him to attend a special meeting of the council that evening at half-past seven o'clock, " to consider the matter of your bond as collector and treasurer." At that special meeting the following was adopted : " Whereas Edwin Markley, who was heretofore elected collector and

treasurer of this borough, has not qualified within the time-
required by law, or at any other time : *Resolved,* That the said
office be and the same is declared vacant."

The legality of this resolution is the matter to be decided
under the *certiorari* now pending.

Upon its face, the resolution appears to be founded upon a
mistake.    The only disqualification suggested is the omission
to give a bond, and this is not a disqualification, unless the
council requires a bond before the duties of the office are
assumed, which was not done in the present instance.

As a declaration of an existing vacancy, the resolution was
plainly untrue.    The office was not vacant, the prosecutor
being its actual incumbent, exercising all its functions.

But the important question is, Could the resolution create a
vacancy ?

It is not claimed by the defendant that the office was held
at the will of the council, or that the term had expired by
legal limitation.    The defendant's contention is that, by reason
of the prosecutor's failure to give a satisfactory official bond,
he had forfeited his office and the council had a right to
remove him pending his term.

This contention involves several debatable propositions.
In the first place, the act of incorporation, although it author-
izes the council to require borough officers to give bonds before
they enter upon the duties of their offices, does not expressly
authorize such a requirement after the council has sanctioned
their entry.    If it exists, this authority rests upon implica-
tion only.    In the next place, conceding that non-compliance
with such a requisition legally made would work a forfeiture
of the office, there arises the question whether the council is
invested with the power of amotion for the forfeiture.    The
statute makes the inhabitants of the borough, not the council,
the body corporate ; and whether the power of amotion, which
at common law pertains to corporations in general, belongs to
a corporation so constituted, and whether, if it does, it may
be exercised by the council as the governing body of the cor-
poration, or whether it must not be exercised by the judiciary

of the state, in the absence of other legislative delegation, are problems not yet judicially solved.

They need not now be determined ; for if they be all decided in favor of the defendant, nevertheless the resolution before us is illegal.

. The power of removal from office on the ground of forfeiture cannot lawfully be exerted, unless there be, when practicable, due notice to the officer of the charge against him and of the time when he may answer it, a reasonable opportunity to defend himself, and sufficient proof of a legal cause of forfeiture. *Dill. Mun. Corp.*, § 254 (192) *et seq. ; Devault* v. *City of Camden,* 19 *Vroom* 433 ; *Ayers* v. *City of Newark,* 20 *Id.* 170.

None of these essential rules was observed in the action now complained of. The prosecutor was not notified that any misconduct was charged against him ; he was not called on for his defence ; no evidence of delinquency was produced. A judgment of removal pronounced under such circumstances cannot stand.

The resolution must be set aside, with costs.