### FREDERICK KRUEGER v. COUNCIL OF THE BOROUGH OF CHESILHURST.

Submitted February 15, 1900—Decided February 26, 1900.

Under the general act of 1897 (*Pamph. L.*, *p.* 285) it is doubtful if a borough council has power in any case to declare an office vacant. If it has, it cannot do so without a hearing, on notice to the incumbent if practicable, and proof of facts legally warranting such action.

---

On *certiorari.*

Before Justices GARRISON and COLLINS.

For the prosecutor, *William J. Kraft.*

For the defendant, *John F. Harned.*

The opinion of the court was delivered by

COLLINS, J. The prosecutor was, in March, 1898, elected collector of the borough of Chesilhurst for a term of three years. On September 28th, 1899, being then in possession of the office and exercising its duties, he sent to the borough clerk a communication as follows:

"Sir—I herewith give you notice that my temporary resi-dence during the winter of 1899 will be No. 227 North Front street, Camden, N. J., to which place I wish all communica-tions in regard to official business forwarded."

At a meeting of the borough council held October 14th, 1899, this communication was read; whereupon the following resolution at once was introduced and adopted, viz.:

"Whereas, Frederick Krueger, the collector of the borough, has removed from the borough to the city of Camden and is not now a resident or citizen of said borough, and has entirely abandoned his said office; therefore, be it resolved, that the office of collector be and the same is hereby declared vacant."

The prosecutor attacks this resolution as *ultra vires* and as having been passed without notice to him.

Unless the organic law of Chesilhurst requires that its collector shall be a resident of that borough, and unless the communication sent to the clerk by the collector is a conclusive admission that he has ceased to be such a resident, the resolution is clearly invalid. In the general act of 1897 (*Pamph. L., p.* 285) now governing all boroughs there is as to the collector no express requirement of residence. The defendant refers to section 3 of the act, but it is plain that the provision of that section that "all of said officers except the borough attorney and borough engineer shall be residents of the borough" applies only to certain officers previously named in the section, for in the same sentence it is provided that "all said officers shall hold office during the pleasure of the council," whereas the collector and many other officers not named in the section hold for fixed terms. Under the maxim *expressio unius est exclusio alterius*, the requirement that certain officers must be residents, it would seem to indi-cate that no others need be. If, however, we may imply as to elective officers a requirement of residence, *legal* residence only is surely sufficient. When the prosecutor wrote that his tem-porary residence for the winter would be Camden, he meant simply that he would be commorant there. Counsel for defendant says in his brief that the distance between the two

places is twenty. miles. I suppose that we may take judicial notice of that fact. In these days of rapid transit the prosecutor can transact his business as collector without inconvenience to the citizens of Chesilhurst, although his " temporary residence " is in Camden. At all events a fair question existed on that subject on which he was entitled to be heard. The council could not adjudge that he had " entirely abandoned " his office and declare a vacancy without notice to him. Notice was certainly practicable, for he had given the clerk his address and of this the council had notice. If there was *ipso facto* a vacancy, no corporate action was necessary. If the resolution was to create the vacancy, notice, if practicable, hearing and proof were prerequisites to action. *Markley* v. *Cape May Point*, 26 *Vroom* 104. That case also suggests a doubt of any such power in the council of a borough formed under a statute like that before us.

It is argued that the resolution was harmless and therefore need not be avoided ; that a controversy can only arise when there is an attempt to appoint a successor to the prosecutor. In the case cited the form of the resolution was the same as that adopted in this case. This court took jurisdiction over it as in effect an attempted removal, and such is the real nature of the resolution now before us. It is the right of everyone holding office to insist that there shall be no cloud on his title.

The resolution under review will be set aside, with costs.